Antonio Roig, Sucrs., S. en C., demandante y apelada, *v.* José Llona, demandado y apelante.

Núm. 7194.—*Sometido:* Noviembre 25, 1936. *Resuelto:* Julio 16, 1937.

R. *García Cintrón,* abogado del apelante; *González Fagundo & González, Jr.,* abogados de la apelada.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

José Llona era el arrendatario de la causante de Antonio Roig, Sucrs., S. en C. No puede haber duda alguna de que

a tenor del artículo 1461 del Código Civil (edición de 1930) el comprador de una finca arrendada no está obligado a respetar el arrendamiento, excepto bajo condiciones que no existen en el presente caso. Sin embargo, al presentarse un pleito de desahucio contra él, José Llona alegó tener un derecho de hogar seguro. La Corte de Distrito de Humacao dictó sentencia ordenando el lanzamiento del demandado. Por lo menos esto aparecería así aunque no hallamos copia de la sentencia en los autos que tenemos a la vista. Las partes han asumido esto. Se apeló de una sentencia dictada el 18 de septiembre de 1935.

■■ Los hechos fueron que el demandado era originalmente el dueño de la finca; que perdió el título de la misma en un procedimiento ejecutivo sumario; que él y el acreedor hipotecario que había comprado en la venta judicial, se pusieron de acuerdo posteriormente y convinieron en que José Llona continuara en posesión pagando determinada renta; que el reclamante del hogar seguro tuvo la finca en arrendamiento por espacio de ocho años. De los autos se desprende que al tiempo de efectuarse la venta de la finca a la demandante el arrendamiento se había convertido en uno de mes a mes. La sección primera de la antigua Ley de Hogar Seguro (Sección 1000, Estatutos Revisados de 1911) disponía lo siguiente:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead*, hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho o título sobre el mismo estará exento de embargo, sentencia, exacción o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose*, que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba al dueño o propietario de dicha estancia, plantación o predio de terreno, y de

los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo.''

La corte inferior fué de opinión, y convenimos con ella, que la palabra ''arrendamiento'', tal cual se usa en la ley que antecede, se refiere a un derecho de propiedad en una finca arrendada, otorgado, podría decirse, generalmente por escrito; que la idea de un arrendamiento es algo que tiene un valor en el mercado; y que es evidente que no podía ser la intención de la legislatura que un arrendamiento mensual diera al arrendatario el derecho a continuar en posesión de la finca más allá del término de un mes o a que se dedujeran $500 de una venta, no del contrato de arrendamiento, sino de la finca misma. Las palabras del estatuto presupondrían que el arrendamiento en sí estaba siendo vendido y no la finca. Algunas de estas consideraciones y quizá otras pueden hallarse en la opinión fundamentada de la corte inferior.

La única cuestión que queda por considerar es si Llona continuó o no en posesión de la finca a título de dueño. El edificio se utilizaba en parte como teatro, y como persona con posible derecho al hogar seguro Llona sólo ocupaba una pequeña parte del mismo con su familia. Algún tiempo después de terminarse el procedimiento hipotecario Llona aceptó el arrendamiento de toda la finca del adquirente en la subasta pública. Reconoció el título y la posesión de ese adquirente, aceptó de él un arrendamiento y pagó los cánones del mismo por espacio de ocho años. Al momento de aceptar el arrendamiento y durante los ocho años del inquilinato, Llona no estaba en posesión como persona con derecho al hogar seguro. Él había abandonado ese derecho al aceptar el arrendamiento. *Allegans contraria non est audiendus.* Su posesión como dueño había cesado. No sólo es esto cierto sino que la aquí demandante al adquirir la finca no tenía razón para creer que Llona ocupaba la finca en otro concepto que en el de inquilino.

Llona estaba en posesión de todo el edificio como arrendatario y no podía tener posesión independiente de una pequeña parte del mismo como persona con derecho al hogar seguro o como dueño. Dado su silencio por espacio de ocho años, somos además del criterio de que él está impedido de alegar la exitencia de un gravamen por concepto de hogar seguro. Como durante todo este tiempo, de conformidad con el código civil, el arrendador estaba obligado a proteger la posesión del arrendatario Llona, no puede suponerse que el primero estuviera dando apoyo a una reclamación adversa.

En verdad si Llona hubiera abandonado su posesión y se hubiera mudado a otro sitio, su aceptación posterior de un arrendamiento del adquirente en la subasta no habría revivido el derecho de hogar seguro. La ley no exige cosas vanas y fútiles, y si, en vez de mudar todos sus efectos y enseres de la finca, él acepta inmediatamente un arrendamiento del acreedor hipotecario, el mero hecho de no haberse mudado de la finca no debe desempeñar un papel de gran importancia.

*La sentencia apelada debe ser confirmada.*

Los Jueces Señores Presidente del Toro y Asociado Córdova Dávila no intervinieron.

El Juez Asociado Señor Hutchison disintió.*